OPINION OF THE COURT
Richard L. Price, J.
Petitioner moves pursuant to CPLR article 78 for an order vacating and reversing an unfavorable determination of the respondent. Petitioner also seeks an order granting an award of attorney’s fees and an award “for damages caused to petitioner as a result of respondant’s [sic] determination including rental sums lost.” For the reasons that follow, the petition is dismissed, in its entirety.
Petitioner, General Realty Associates of 12th Street (the owner), is the landlord of the apartment that is at the nexus of this dispute — apartment No. 4C at 235 East 12th Street, New York, New York.
The present occupant of apartment No. 4C (the tenant) began her occupancy on June 1, 1978. She began this tenancy as a “subtenant” of the building’s superintendent without the benefit of a written lease. The tenant initially paid $225 per month rent but the amount increased to $250 per month beginning July 1, 1979.
The petitioner here purchased the subject building in July of 1979. Upon purchasing the building the previous owner represented that apartment No. 4C was occupied by *174 the building superintendent. Shortly thereafter petitioner learned of the tenant’s arrangement with the superintendent and offered her the choice of a one-year vacancy lease at a $300 per month rental, or a month-to-month tenancy. (Petitioner claims that the $300 per month rental was arrived at through negotiation with the tenant’s attorney.) In any event, the new rent was to be $300 per month, an amount the tenant felt was too great. The new lease was to take effect September 1, 1979; the tenant’s overcharge complaint was filed August 28, 1979.
A hearing was held by respondent (the Board) with respect to the above complaint, on March 5, 1982. Present at that hearing were the tenant, a neighbor of the tenant, and the owner’s representative. On April 21, 1983, the respondent rendered its opinion number 25,646 directing that the tenant’s rent be “rolled back”, and established a base stabilization rent of $259.50. The Board reached this decision in spite of its preliminary holding that the tenant was in fact a vacancy tenant (having found that neither the prior nor present owner was aware of her tenancy), because the owner failed to provide a full rent history for the apartment.
Petitioner now asks this court to set aside that determination, on the grounds that the Board’s decision was not in accordance with the known facts and established law. As both petitioner and respondent are well aware, this court will only set aside a determination of the respondent if that determination is found to be arbitrary, capricious or in contravention of the law. (Matter of Pell v Board of Educ., 34 NY2d 222.)
As a threshold issue, the petitioner maintains that the Board’s determination is “jurisdictionally defective” because (a) the owner was not allowed an opportunity to be heard on the “full rental history” question but only on the question involving the tenant’s status as a vacancy tenant, and (b) that the landlord was not properly supplied with a transcript of the hearing of March 5, 1982. Specifically, petitioner claims that it was erroneously informed that no determination would be forthcoming until a conference was held, and that a conference could not occur until the transcript was provided.
*175 Upon a perusal of the exhibits supplied this court, including letters between the petitioner and the respondent, this court concludes that the petitioner was informed through counsel that the transcript could be obtained upon written application — the application having been supplied by respondent. It also readily appears that it was the petitioner’s intention to “adjourn the conference until further notice”.
That said, it does appear that the petitioner truly did not know that a decision (especially an unfavorable one) would be made without some warning or notification to it, more so because the petitioner correctly assumed (and was possibly told) that the outcome of the March 5, 1982 hearing was in its favor (in that the Board did find the tenant to be a vacancy tenant).
While regrettable, and unfortunate, the Board has no legal obligation to warn a landlord that a decision is soon to be made. The owner in this case was warned repeatedly of the possible consequence of its failure to comply with subdivision A of section 42 of the Code of Rent Stabilization Association of New York City, Inc., and was also informed of the procedure if all that could be provided was a current rent roll.
In this case the owner also contends that the rent history was in fact “established” at the March 5 hearing through the testimony of the tenant and a neighbor of the tenant. This court has examined the hearing transcript and finds that the testimony referred to does not cover all periods of possible occupation and is at best hearsay.
The petitioner has a clear, unequivocal duty to provide full rent histories in accordance with subdivision A of section 42 of the Code of the Rent Stabilization Association of New York City, Inc. In this case it may very well be that the petitioner cannot fulfill that duty. The petitioner, upon purchasing the building, may have been, and probably was, given little or no documentation concerning the rental of apartment No. 4C. But while this failure may not be seen as the “fault” of petitioner, neither is it the problem of the respondent.
In this respect, this court cites with favor the following language of the respondent: “Many excuses have been *176 advanced for the owner’s failure to comply with Section 42A; some say it is too onerous to maintain up to fourteen years worth of rental data; other’s claim immunity because they bought the building without securing prior rent records; still others claim ignorance of the law. But the fact remains that in many cases the crucial information needed to establish the rental history of each rent stabilized apartment has not been made available to the Board.”
Faced with such widespread noncompliance, and substantial evidence that its prior penalty of expulsion was none too successful, the Board adopted an alternative solution — to apply three separate tests using the current rent roll (where that was provided) and to take the lowest rent established by any single test.* That is exactly what the Board has done in this case.
So stated, this court finds that the respondent’s opinion number 25,646 is supported by a rational basis and contains no errors of law.
The petition is hereby vacated and dismissed.

 Conciliation and Appeals Board “Final Notice to Owner”, II — New Procedures: “(B) The complainant’s initial rent shall be established at the lowest of the following three amounts:
“1. The lowest stabilized rent in the same line without guidelines adjustment for the complainant’s vacancy lease or for any subsequent leases of the subject apartment; provided however that guidelines adjustments will be made, for any renewal leases of the subject apartment which commenced on or after the 12 month period immediately the month of the owner’s rent or
“2. The complaining tenant’s initial rent, minus the initial guidelines adjustment and vacancy allowance lawfully chargeable when the tenant took occupancy, and also minus any credit for any renewal guidelines increases for a lease commencing prior to the date of the Board’s order; or
“3. The last rent paid by the prior tenant (if corroborated) without any guidelines adjustment for any lease commencing prior to the date of the Board’s order.”